RENO *et al.* v. TEAGARDEN *et al.*

1. **Injunction:** AGAINST PROCEEDINGS AT LAW. The facts stated which were held sufficient to authorize an injunction against proceedings under a judgment and in an action at law.

2. **Judgment:** PROCEEDING TO VACATE: NEW TRIAL. An application. for a new trial previously made, is no bar to a proceeding, based on other grounds, to vacate the judgment under the fourth subdivision, section 3499 of the Revision. And in such case the application to vacate may be united with other facts than those connected with the cause, when they constitute a defense to the claim upon which the judgment is based.

*Appeal from Johnson District Court.*

FRIDAY, JANUARY 31.

ACTION in equity to enjoin proceedings at law, and for an accounting, etc., etc. The petition is very long, and contains a detailed statement of facts upon which plaintiffs rely. Concisely stated, they are as follows: January 6, 1864, Mrs. Edwards was the owner of an undivided half of a printing press and material, having sold the other half to I. J. Teagarden for $300. For the purpose of continuing the publication of the newspaper

printed thereon, the plaintiff and others for whom they sue, jointly purchased Mrs. Edwards' interest therein, and gave the possession of the same to said I. J. Teagarden, under an agreement that he was to continue the publication of the newspaper until other arrangements were made, and to keep account of its earnings, and, after paying expenses and for his services, one-half the balance was to belong to plaintiffs. That under said agreement, said I. J. Teagarden did publish the paper till September, 1864, when he died. That after his death the plaintiffs rightfully took possession of said press and materials, and continued the publication of the paper, at their own expense, during the presidential canvass of 1864, and for about two months; that during that time they furnished the paper to subscribers and continued the advertisements for which said I. J. Teagarden had received pay in advance.

That in December, 1864, and while the defendant Ezra S. Teagarden was acting as administrator of the estate of I. J. Teagarden, deceased, the plaintiffs, with the assent of said administrator, put the whole of said press and material into the possession of one Forman, who agreed to continue to publish the paper. That after the delivery of the same to Forman, he purchased of said administrator, who claimed the right and authority to sell the same, the interest of said I. J. Teagarden, deceased, in said press and material for the sum of $325; that said Forman held and retained the interest of said estate under said sale, and during that time added large quantities of printing material thereto.

That afterward, and on the 7th day of April, 1865, the said Forman died, and one John Miller was appointed his administrator; that Miller, as such administrator, sold and put the interest of said Forman, deceased, into the possession of F. M. Connelly and J. C. Benedict; that

plaintiffs gave said Connelly & Benedict possession of their interest, to hold as plaintiffs' agents and for the purpose of having the paper published; that said Connelly & Benedict and plaintiffs added large quantities of material, the precise value of which is now unknown to plaintiffs.

That with full knowledge of these facts, the said Ezra S. Teagarden, as administrator, did, on the 8th day of May, 1866, to obtain unlawful possession thereof, bring replevin for said press and materials against said Connelly & Benedict and J. R. Lenin and others, who in fact were some of the joint purchasers aforesaid; that under the writ of replevin, said Teagarden, as administrator, obtained not only the material originally sold by Mrs. Edwards to I. J. Teagarden, now deceased, but also the material added by the other owners, as before stated, and the interest of the plaintiffs therein also; that said action of replevin is still pending and undetermined.

That after said Ezra S. Teagarden obtained possession under and by said writ of replevin, he sold and delivered the entire property to the defendants Spencer Tompkins and J. W. Alcott, who purchased with full knowledge of plaintiff's rights, and of the rights of Connelly and Benedict. That afterward, and on the 11th day of May, 1866, L. I. Reno and others of said joint owners, acting for themselves only, brought their action of replevin for said property against said Tompkins & Alcott, and obtained possession of the same by virtue of the writ of replevin therein. That the defendants in said action filed a demurrer to the petition, which was sustained by the court and leave granted plaintiffs to amend; that both actions of replevin were taken by change of venue from Iowa county, where they were brought, to Johnson county. That at the first term of said Johnson County District Court, by agreement of parties, the last named

action of replevin was set for hearing on the 24th day of October, 1866, it being the ———— day of the term ; that the counsel for plaintiffs then left the court; that the defendants therein, during the absence of plaintiffs' counsel, and for the purpose of defrauding plaintiffs, procured said cause to be called for trial before the day fixed, to wit, on the 18th day of October, and the plaintiffs being in default for not amending their petition, a default was entered, and defendants by imposing upon the court, and in the absence of any cross-examination, obtained a judgment for $1,250, for the value of the property, and $500, for the wrongful taking of the same under the writ, being a total of $1,750; that said property was not worth more than $300, and that Teagarden, administrator, in his petition for the replevin of the same property states the value on oath, to be $300. That a motion for a new trial was filed within three days after the judgment, and before the 24th day of October, and before plaintiffs knew of the fraud practiced, which was overruled, a second motion for a new trial was struck from the files. The petition in this case was filed on the 1st day of November, 1866.

The plaintiffs asked that defendant Ezra S. Teagarden, as administrator, account for the earnings of the one-half of the property while occupied and used by his intestate, and that the interest of said estate in said property be subjected to the payment of the amount found due. That the judgment in the replevin suit be set aside for fraud, and held for naught. That a temporary injunction be granted staying proceedings in both actions of replevin until the final hearing, and then made perpetual, and for general relief.

The defendants had notice of the application for, and resisted the allowance of the temporary injunction. Affidavits by defendants, and counter affidavits by plaintiffs,

were filed, leaving the case not essentially different from that made by the petition. The application was made and granted in open court, and the defendants appeal from the order allowing the temporary injunction.

*Rush Clark* and *Wm. E. Miller* for the appellants.

*J. H. Murphy* and *Fairall & Boal* for the appellees.

COLE, J. — The petition sets out a cause of action requiring equitable relief aside from the replevin suits and the injunction against the prosecution thereof. The accounting for the profits of the press and materials during the time they were used by I. J. Teagarden now deceased; the ascertainment of the interest of each owner by reason of the additions to the material, as well as the priority of right and lien for any balance on the accounting, are matters of equitable cognizance and could not be adequately adjudicated in actions of replevin. Prior to the trial or determination of the replevin suits or either of them, it is reasonably clear, that upon the allegations of the petition, the plaintiffs would be entitled to an injunction until the final hearing of the equity cause. This being so, the only point of difficulty in this case arises upon the fact of the adjudication of plaintiffs' action of replevin and the overruling of the motion for a new trial therein.

1. INJUNCTION: against proceedings at law.

If it be conceded that upon an appeal from an order of court, or of a judge at chambers, allowing an *injunction*, the affidavits used in resistance thereof may be considered by the appellate court; even then, we are of the opinion that there was no such manifest error in the discretion of the court in allowing the injunction as would justify us in reversing the order. The trial of the replevin cause was before the time fixed for the trial thereof; it was in

Reno v. Teagarden.

the absence of the plaintiffs' counsel; the judgment for the value of the property replevied was more than three times as much as the value fixed under oath by the party, under whom the defendants therein claim all their rights, only three days before the writ of replevin in this case was executed; the amount awarded for the detention thereof was nearly twice the sworn value of the property. In view of these facts it may well be conceded that the judgment was most inequitable and unjust.

The question then remains, whether the plaintiffs by their motion for a new trial, which was overruled by the 2. JUDGMENT: court, have lost their right to a new trial or proceeding to to have the cause retried in equity. So far as vacate: new trial. the petition in this case may be regarded as an application for a new trial or to vacate the judgment in the replevin suit, it seeks that relief under the 4th subdivision of section 3499 of the Revision: "For fraud practised by the successful party in obtaining the judgment." The proceedings by which to obtain this relief is by petition verified by affidavit setting forth the judgment, etc., Revision, section 3501. The fact that a motion for a new trial had been previously filed, based upon other grounds (as in this case) and overruled, would not defeat the right to have the judgment or order vacated or modified under and for the cause specified under the fourth subdivision as above quoted. Nor is there any good reason why such application may not be united with other facts than those directly connected with the cause in which the new trial is sought, when such facts constitute a defense to the claim upon which the judgment was founded. Such a course seems to be contemplated by sections 3501, 3502, 3503, 3504 and 3505; and an injunction is specially provided for by the last section referred to.

Affirmed.