## DALHOFF & CO. v. KEENAN ET AL.

1. **New Trial:** ACTION IN CHANCERY FOR: FRAUD AS GROUND OF: NEGLIGENCE IN PURSUING LEGAL REMEDY. Defendant recovered a judgment against plaintiffs, and plaintiffs, within the time prescribed by § 3155 of the Code, filed their petition for a new trial under that section, on the ground of fraud; but this petition was dismissed because a necessary witness was absent in Europe, and because defendant promised that he would make "a fair offer of compromise." Afterwards plaintiffs brought this action in equity to set aside the judgment and for a new trial of the issues on which the judgment was obtained. *Held* that the action in equity was properly dismissed, because plaintiffs had an adequate and speedy remedy at law, which they began to pursue, but improvidently abandoned. *Reno v. Teagarden*, 24 Iowa, 144, as to the jurisdiction of equity in such cases, distinguished.

### *Appeal from Page District Court.*

### WEDNESDAY, JULY 22.

ACTION in chancery to set aside a judgment at law, and for a new trial of the issues in the case wherein the judgment was rendered. A demurrer to the petition was sustained, and it was dismissed. Plaintiffs appeal.

*Junkin & Deemer* and *Hall & Huston*, for appellants.

*Stockton & Keenan*, for appellees.

BECK, CH. J.—I. The petition alleges that defendant Keenan, in an action brought by plaintiffs against him, recovered a judgment against them upon a counter-claim. It is alleged that the claim was recovered by fraud practiced upon plaintiffs. It is further shown that plaintiffs, within the time prescribed by Code, § 3155, filed their petition under that provision for a new trial; that this petition was not brought to trial for the reason that a witness by whom the facts could alone be proved was absent in Europe, and his testimony could not be procured, and that because of

this fact plaintiffs dismissed their petition; that defendant, during the pendency of the petition, wrote to plaintiffs that he would make a fair offer of a compromise, and did thereby "lull plaintiffs into a sense of security."

II. We think the demurrer was rightly sustained. Plaintiffs had an adequate and speedy remedy by the petition for a new trial, of which they were fully advised, and they did pursue it so far as to file their petition under Code, § 3155, allowing such proceeding. According to their own showing they dismissed their petition voluntarily without cause. The ground of their dismissal was the absence of a witness by whom the facts alleged by them could have been proved. It is not shown that the testimony of this witness could not have been taken by deposition, and the cause could not have been continued until, in the exercise of proper diligence, his testimony could have been procured. But the petition fails to show that any effort was made to procure this testimony. It may be remarked that the evidence of the witness would be just as essential in this case, were it to go to trial, as upon the petition filed by plaintiff, had it been tried. If they could obtain the testimony in this case, they could have obtained it on that.

It is alleged that defendant "lulled" plaintiff into "a sense of security" by promising to make some "fair offer of compromise." This constitutes the alleged fraud, upon the ground whereof plaintiffs seek a new trial. But it is not alleged that defendant did not make an offer to compromise. However, assuming that he had not, his promise was surely not sufficient to "lull" plaintiffs "into a sense of security." No prudent and diligent litigant would dismiss his suit simply on the ground that his adversary had promised to make "a fair offer of compromise." Such a promise would not indicate an abandonment of his claim or defense, but would rather be regarded as an affirmation that he adhered to it, and would abandon it only upon receiving at least a part of his claim. Plaintiffs, we think, without the influence of

fraud, failed to pursue the adequate and speedy relief provided by law, and therefore cannot resort to chancery to obtain it.

Plaintiffs do not claim relief for any fraud practiced by defendant before the judgment was rendered, which, their counsel admit, is not a ground of relief in this action. *Reno v. Teagarden*, 24 Iowa, 144, is not in conflict with the conclusions we reach. In that case, which was an action in chancery, plaintiff asked that a judgment be set aside on the ground of fraud contemplated by Code, § 3154, (Rev., 3499,) p. 4. A motion for a new trial upon the other grounds had been overruled. The petition set out a cause of action requiring equitable relief, aside from these grounds for a new trial. It was held that the overruling of the motion for a new trial, based upon other grounds than fraud, would not defeat the plaintiff's right to have the judgment set aside upon the ground of fraud; and that ground of relief could be united with others based upon other equitable defenses to the judgment. This decision is doubtless supported by the reason that, as the court of equity had jurisdiction of the other matter, it would take cognizance of the whole case and give full relief, even though partial relief as to the fraud could have been had at law by a petition for a new trial. In our opinion the decision of the district court ought to be

AFFIRMED.